UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS SCOTT PALMER,

      Petitioner,

v.                                           Case No. 2:06-cv-269
                                                HON. GORDON J. QUIST

KENNETH ROMANOWSKI,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Petitioner Thomas Scott Palmer filed this petition for writ of habeas corpus challenging the validity of his state court conviction for assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony. Petitioner was convicted after a jury trial and was sentenced to a prison term of seven to twenty years for the assault conviction and two years for the firearm conviction.

      Petitioner maintains that his conviction was obtained in violation of his federal rights. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

      Petitioner has raised the following issues in his petition:

      I. Is it questionable whether the court abused its discretion when it denied the defense's request for additional peremptory challenge, for cause which the prosecution agreed to the request, this juror knew the

prosecution all her life, and to the present day, and she admitted the prosecutor was her friend, and she was not sure if this might jeopardize her relationship with the prosecutor.

II. That the trial court abused its discretion allowing the prosecution to elicit prior bad acts after the judge himself, specifically stated on the record, the prosecutor has indicated he's not going to elicit similar acts evidence during his case in chief, and defense counsel stated, we will withdraw the motion at this time.

III. There is a finding of manifest injustice when the trial court created a coercive atmosphere for jury deliberations when they were told to go and deliberate on the last day of trial, after starting at 9:30 am and listening to further testimony, closing arguments and jury instructions, and did not begin to deliberate until 4:24 p.m., and continued until 8:26 p.m. without any instruction from the court regarding a break to eat or any length of deliberations.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that the trial court erred by failing to grant him an additional peremptory challenge under Michigan law. The Michigan Court of Appeals rejected petitioner's claims regarding his challenge to the juror explaining:

> Defendant first argues that the trial court erred in its handling of defendant's challenge to the last juror seated. Defendant's assertion of error involves two subissues, namely that the trial court abused its discretion in denying his challenge for cause and his subsequent request for an additional peremptory challenge. Defendant argued that the juror should be dismissed for cause because of her familiarity and friendship with the prosecutor pursuant to MCR 2.511(D)(3)(bias for or against a party or an attorney). A trial court's ruling on a challenge for cause based on bias is reviewed for an abuse of discretion. *People v Roupe*, 150 Mich App 469, 474; 389 NW2d 449 (1986). In *Poet v Osteopathic Hospital*, 433 Mich 228, 241; 445 NW2d 115 (1989), our Supreme Court set forth a test to determine whether an error in refusing a challenge for cause merits reversal. The test requires a showing that "(1) the court improperly denied a challenge for cause, (2) the aggrieved party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned juror, and (4) the juror whom the party wished later to excuse was objectionable." *Id.* The *Poet* test was applied by this Court in the criminal context in *People v LeGrone,* 205 Mich App 77, 81-82; 517 NW2d 270 (1994).
>
> The *Poet* test was announced and applied, however, in circumstances where the improper failure to remove a juror for cause resulted in the use of a peremptory challenge that "otherwise would have been available to remove the last juror from the panel." *LeGrone, supra* at 81; also see *Poet, supra* at 233. *Poet* was concerned with identifying an error that warranted reversal ("actionable prejudice"). Such an error, *Poet* indicated, exists when a party is improperly forced to use up its peremptory challenges and then is unable to peremptorily strike an objectionable subsequent juror. *Poe (sic), supra*, at 240-241. Here, unlike *Poet,* defendant had used all of his peremptory challenges when the juror in issue was called. Thus, the *Poet*, analysis does not apply. Rather, resolution of this issue is controlled by *People v Eccles,* 260 Mich App 379, 382-383; 677 NW2d 76 (2004):

- 4 -

> Although, as a general matter, the determination whether to excuse a prospective juror for cause is within the trial court's discretion, once a party shows that a prospective juror falls within the parameters of one of the grounds enumerated in MCR 2.511(D), the trial court is without discretion to retain that juror, who must be excused for cause.

Defendant's argument fails because he is unable to show that the challenged juror "falls within the parameters" of MCR 2.511(D). *Eccles, supra* at 382-383. MCR 2.511(D)(3) provides that grounds for challenging a juror for cause exist if the juror "is biased for or against a party or attorney." On *voir dire* the juror assured the court that she could be impartial despite her relationship with the prosecutor. She affirmed that she would hold the prosecutor to his burden of proof and would have no difficulty rendering a verdict of not guilty if the prosecutor failed to meet this burden. Moreover, given the trial court's superior position to access credibility, we defer to its conclusion that the juror was "a person of absolute integrity" who would have admitted any potential problem if it existed. See *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000).

We also reject defendant's assertion that the court abused its discretion and erred in denying his request for an additional peremptory challenge pursuant to MCR 6.412(E(2) so that he could remove the juror. *People v Howard*, 226 Mich App 528, 536; 575 NW2d 16 (1977). MCR 6.412(E)(2) provides, "on a showing of good cause, the court may grant one or more of the parties an increased number of peremptory challenges." The record reveals that the potential juror was questioned at length by all counsel and independently by the trial court. After *voir dire* and out of the presence of the jury, on his motion for an additional peremptory challenge, defense counsel conceded that, "[e]ven thought (sic) the relationship may not rise to the level of cause challenge, we believe that simply for the sake of insuring a pristine verdict . . . we be allowed to use it on her." The trial court evaluated the impartiality of the proposed juror on the basis of the *voir dire* and declared her "a person of absolute integrity." The trial court found no hint of unacceptability in the proposed juror. The *voir dire*, although extensive, did not suggest any hostility by the juror with either counsel or the court. In defendant's plea for a "pristine verdict" he failed to articulate any reason to be suspicious of the juror or the verdict. To establish that good cause exists for an additional peremptory challenge, defendant must make some demonstrable

> showing of potential unfairness to the defendant by or in the process of selection. This he has failed to do.

A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). To the extent that petitioner is relying upon state law, it appears that this portion of petitioner's argument should be dismissed. Moreover, petitioner has no constitutional right to peremptory challenges. *United States v. Martinez-Salazar*, 528 U.S. 304 (2000). The United States Supreme Court explained:

> We have long recognized that peremptory challenges are not of constitutional dimension. They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated. . . . [I]t is for the State to determine the number of peremptory challenges allowed and to define their purpose and manner of exercise.

*Ross v. Oklahoma*, 487 U.S. 81, 88-89 (1988). Accordingly, rights to peremptory challenges can be infringed only when a petitioner does not receive what State law provides. *Id.*

The constitutional issue presented is whether the court should have struck the juror for cause because the juror could not be impartial. When a juror is challenged as biased and partial, the court must consider factually whether the juror swore she could set aside any personal opinion she might hold and decide the case on the evidence presented, and the court must consider whether the juror's claim of impartiality should be believed. *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). "[A] trial court's finding that a juror was impartial is entitled to a presumption of correctness, rebuttable only upon a showing of clear and convincing evidence." *Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003); *Patton* at 1036. The trial court considered what the juror stated during

*voir dire.* The juror stated that she could be impartial. Under these circumstances, the Michigan Court of Appeals decision was not unreasonable.

Petitioner asserts that he was denied a fair trial because the trial court allowed the admission of bad act testimony. Petitioner contends that the trial court abused its discretion when it admitted evidence where the probative value was outweighed by the prejudicial effect contrary to Michigan state law. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly

significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

The Michigan Court of Appeals rejected this claim on state law grounds stating:

Defendant also asserts that the trial court abused its discretion in admitting other acts evidence that while intoxicated on prior occasions, defendant intentionally assaulted others including male friends of defendant's ex-wife. To be admissible under MRE 404(b), other acts evidence must be offered for a proper purpose, must be relevant, and its probative value must be substantially outweighed by its potential for unfair prejudice. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). If such evidence is admitted, a limiting instruction must be provided on request. *Id.*

"When other acts are offered to show intent, logical relevance dictates only that the charged crime and the proffered other acts 'are of the same general category.'" *People v VanderVliet*, 444 Mich 52, 79-80; 508 NW2d 114 (1993), modified 445 Mich 1205 (1994). Here, defendant was charged with going over to the victim's residence, breaking out a kitchen window, and shooting the victim while defendant was intoxicated. Defendant claimed that he shot the victim to protect his kids and that the shooting was an accident. In point of fact, the victim and defendant's ex-wife were in a relationship. The admitted prior acts demonstrated that when defendant became intoxicated he used assaults to resolve domestic conflicts against his ex-wife, and, sometimes with deadly force, against her male companions. The proffered other act is of the same general category as the charged act. *People v Sabin (After Remand)*, 463 Mich 43, 60; 614 NW2d 888 (2000); *VanderVliet, supra* at 79-80. The fact that defendant previously assaulted someone while intoxicated, without having done so in defense of others, is logically relevant to show that defendant was acting with the requisite intent in the case at hand. Further the probative value of this testimony was not substantially outweighed by its prejudicial effect. *Knox, supra* at 509. Accordingly, the trial court did not abuse its discretion in admitting the challenged evidence. See *People v Rice (On Remand)*, 235 Mich App 429, 439; 597 NW2d 843 (1999).

The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that it was improper to require the jury to deliberate after trial ended at 4:24 p.m. and continue to 8:26 p.m. Petitioner asserts that this created a coercive atmosphere because no instructions were given regarding breaks or food. Petitioner did not object at trial regarding this issue and the Michigan Court of Appeals reviewed the issue for plain error. The Michigan Court of Appeals found no error.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a

federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324. Further, even though the court of appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995).

Petitioner has failed to establish cause and prejudice for his procedural default. Further, petitioner has not established that the jurors were coerced into a verdict. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has not shown a constitutional violation occurred regarding jury selection, admission of evidence or jury deliberations. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated:   June 17, 2009